Ktiipatrick, C. J.
This is an action of replevin. The complaint is, that Swing, the defendant below, took and unjustly detained against Sparks, the plaintiff, two fields of wheat and two fields of rye, of his proper chattels. The answer of Swing is, that he took and detained the same as *72 the bailiff of one Johnson, for rent arrear, and so that he took and detained them justly, and as by law he might. The reply is, that there was no such rent in arrear; and this is the issue.
Upon the trial of the cause, the defendant gave in evidence, in- support of the issue on his part, a lease for lands, whereof the fields in question- are parcel, from the said Johnson to the said Sparks, dated February 6, 1819, for the term of one year from the 25th of March then next, at the rent of $200 per annum. •
The plaintiff, on his part-,- then offered in evidence what he called a book of accounts. This book was proved in .this way, that is to say, one Isaac Snitcher, who was sworn as a witness, said he believed it to be Sparks’ original book of accounts, and that the front part of it, as far as the first summing up of the account, (which was the first two pages) was in his,- the witness’, handwriting ; but that he knew nothing more of it-, except that that portion of it was in his handwriting. On the second page were written the words brought over, admitted to be in Johnson’s handwriting. One John Casperson, another witness sworn, said, he believed * the book to be the original day book of the plaintiff; that £he latter part of it, from Isaac Snitcher’s writing, was in his hand; that it was all written by him at one time, which was in the spring of the year 1820; that it was taken down by him from the oral direction of the plaintiff; that he knew nothing of it, except from its being in his handwriting; and that Sparks could not write. . And upon this proof, after objection made, the book was admitted as competent evidence by the court.
The defendant then moved the court to direct the jury, that this book was to be considered by them as evidence, so far only as to the end of Snitcher’s handwriting; and that the residue, written by Oasperson, all at once, and by oral direction, should be overruled; but the motion was refused, and the whole book declared to be lawful evidence.
*73 Tlio defendant then alleged, that the plaintiff had previously had a lease of the same premises for three years, and that so far as any of the articles charged in that book might be justly chargeable against him, they had been allowed and settled in the payment of the rents upon that previous lease; and, in order to prove this, he exhibited, and offered to read in evidence, that previous lease; but the court overruled the same, as irregular and incompetent evidence.
There was a bill of exceptions taken to these several decisions of the court, and that bill is now before us upon this writ of error. And for the better understanding of the exception, the book of accounts itself, as well as the previous lease for three years are also exhibited to us.
The courts in this state have gone very far in the admission of books of account in evidence, but I believe they have never before gone so far as this; at least I am persuaded no such decision has ever been made or supported in this court.
After the expiration of this lease, and upon the rent coming to be demanded, this plaintiff gets a neighbor to make out a book for him to bring forward by way of set-off. That book (I speak of Casperson’s part of it) begins in September, 1816. It contains charges in 1816, ’17, ’18, '19, ’20, all written after the expiration of the lease in 1820; all written at one time : all the account against Johnson, in one continued series, without a single intervening charge; all written from oral direction; no memorandum, not even a notch on a stick, upon which to found it. * And lest [*61 it should not, after all, balance the rent, it concludes with charges like these, viz :
“ To loss in fencing long field in time for corn crop, $100.”
“ To Johnson, took my privilege from me, and I charge him $100.”
*74 ■ And this is declared by the court to be competent evidence, upon which the jury may lawfully find a verdict against this defendant.
The mere statement of the case, I think, wholly supersedes the necessity of argument. To say that a man, when he is called upon to pay a debt, may sit down and make out a book to balance that debt, and that without a single original entry or memorandum to make it from, and that such book, per se, and without proof of any one item, in it, as is the case here, shall be lawful evidence to a jury, upon which they may find for him, appears to me to be contrary, not-only to all the principles of the law, but to all the commonly received opinions of men.
I am of opinion, therefore — 1. That this book, that isr Casperson’s, part of which begins in 1816, is not, in legal contemplation, to be considered as a book of accounts at all,, but rather as in the nature of a mere detached paper or writing, made up for the occasion. Wilson v. Wilson, (1 Halsted 95.)
2. That many of the items, and particularly those above ^stated, and others like them, are not matter of book account,, not being in their nature liquidated sums, or prices or values-to be ascertained in the market, but damages which can-be rendered certain only by convention or judicial decision; and so that no book, however regularly kept, and however well proved, can be evidence of them to a jury, and, of course, that-a verdict founded upon such book would be contrary to law, and could not be maintained in this court.
3. That even if there were less objection, both to the book and the items, yet the charges contained in it'cannot be set-off in this action, and upon these pleadings. A set-off is not-•by the common law but by statute, and the statute expressly prescribes the manner in which it shall be pleaded; and necessarily so, -because otherwise the party would be wholly unapprized of what was to be set up against him, which would be contrary to natural j ustice.
*75 4. That if the charges in this book might lawfully be brought * forward by wTay of set-off in this action and upon these pleadings, then it was lawful for the defendant to show’ that they had been allowed and settled on the former lease, and, as a foundation for this, the lease’ itself was not only competent evidence, but the best evidence the nature of the thing would admit.
In my opinion, therefore, let the judgment be reversed.
Rossell and Ford, Js. concurred.